UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.  Case No.  8:12-cr-274-T-30TGW

DEAN COUNCE

**FORFEITURE MONEY JUDGMENT AND**
**PRELIMINARY ORDER OF FORFEITURE FOR SUBSTITUTE ASSETS**

THIS CAUSE comes before the Court upon the filing of the United States' Motion for a forfeiture money judgment (Doc. 16) in the amount of $12,774,102.00, pursuant to 18 U.S.C. § 981(a)(1)(C), 28 U.S.C. § 2461(c), and Fed. R. Crim. P. 32.2(b)(2), which, at sentencing, shall become final as to the defendant.  The United States further moved the Court, pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c), and Rule 32.2(e)(1)(B), to enter a Preliminary Order of Forfeiture for the following substitute assets in partial satisfaction of the defendant's forfeiture money judgment:

    a.    The real property, including all improvements thereon and appurtenances thereto, located at 5403 Golddust Road, Brooksville, Florida, which is legally described as follows:

That portion of the premises described both in that certain Quitclaim Deed recorded in O.R. Book 2827, page 526-27 and in that certain Quitclaim Deed recorded in O.R. Book 2838, Page 1607, of the Public Records of Hernando County, to wit;

PARCEL 30-A-2:

Commence at the NW corner of the SW 1/4 of Section 3, Township 23 South, Range 18 East, Hernando County, Florida,

        Go thence along the West line of said SW 1/4, S 00°06'29" W, a distance of 332.80 feet; thence run S 89°51'27" E, a distance of 1324.92 feet to the centerline of a 30-foot road (unimproved); continue thence S 89°51'27" E, a distance of 15.00 feet to the East right-of-way line of said 30-foot road; continue thence S 89°51'27" E, a distance of 622.15 feet to the West right-of-way line of Golddust Road, as it is now established; thence run along the said West right-of-way line, S 00°14'42" W, a distance of 116.31 feet to the POINT OF BEGINNING; continue thence S 00°14'42" W, a distance of 216.98 feet to the South line of Block 30, Florida Fruit Groves, Inc., thereof as recorded in Plat Book 3, Page 28 of the Public Records of Hernando County, Florida; thence along said South line, N 89°50'05" W, a distance of 255.86 feet; thence run N 00°14'42" E, a distance of 105.70 feet; thence run N 52°38'34" E, a distance of 182.71 feet; thence run S 89°50'06" E, a distance of 111.11 feet, to the POINT OF BEGINNING. Containing 1.09 Acres, m.o.l.

        Parcel Identification Number: R03-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-0000-30A1;

   b.    The real property, including all improvements thereon and appurtenances thereto, located at 5411 Golddust Road, Brooksville, Florida, which is legally described as follows:

        Tract No. 30-A, Hernando Highlands, Being f/k/a the South ½ of Block 30, Florida Fruit Groves, Inc., a Subdivision of the South ½ of Section 3, Township 23 South, Range 18 East, Hernando County, Florida; said subdivision being recorded in Plat Book 3, Page 28, of the Public Records of Hernando County, Florida.

        Parcel Identification Number: R03-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-0000-030A; and

   c.    Miscellaneous jewelry, to include one silver watch, one gold watch, and one gold bracelet.

Being fully advised in the premises, the Court hereby finds that the United States has established that the defendant obtained at least $12,774,102.00 in

proceeds from the conspiracy to commit wire fraud, in violation of 18 U.S.C. § 1349, as charged in Count One of the Information, for which the defendant pled guilty. Accordingly, it is hereby

ORDERED, ADJUDGED, and DECREED that for good cause shown, the United States' motion (Doc. 16) is GRANTED.

It is FURTHER ORDERED that, pursuant to the provisions of 18 U.S.C. § 981(a)(1)(C), 28 U.S.C. § 2461(c), and Fed. R. Crim. P. 32.2(b)(2), defendant Dean Counce, shall be held liable for a forfeiture money judgment in the amount of $12,774,102.00.

It is FURTHER ORDERED that pursuant to the provisions of 21 U.S.C. § 853(p) and Rule 32.2(e)(1)(B), the substitute assets identified above, are hereby forfeited to the United States for disposition according to law.

The Court retains jurisdiction to entertain any third party claim that may be asserted in these proceedings, and to enter any further orders necessary for the forfeiture and disposition of any of the defendant's property that the United States is entitled to seek as a substitute asset to satisfy the money judgment.

**DONE** and **ORDERED** in Tampa, Florida on November 27, 2012.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies to:
Counsel/Parties of Record

F:\Docs\2012\12-cr-274.forfeit money judgment 16.wpd

3